AO 472 (Rev. 3/86) Order of Detention Pending Trial
======================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 05-81-P-H** |
| ) | |
| **JUAN CASTILLO, a/k/a Luis Arroyo, Jr.,** ) | |
|     **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]  (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
    [ ] an offense for which the maximum sentence is life imprisonment or death.
    [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
    [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]  (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]  (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]  (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

1

**Alternate Findings (A)**

[X]   (1)   There is probable cause to believe that the defendant has committed an offense
            [X]   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
            [ ]   under 18 U.S.C. Section 924(c).

[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]   (1)   There is a serious risk that the defendant will not appear.
[X]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

The defendant is charged by indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). The government has invoked the presumption contained in 18 U.S.C. § 3142(e) and seeks to have the defendant detained both as a risk of flight and a danger to the community.

At the detention hearing, the defendant cross-examined U.S. Probation Officer Timothy Duff and Central Maine Violent Crime Task Force Special Agent Trevor Campbell. He also presented the testimony of Lynda Gauthier. Officer Duff acknowledged that the defendant didn't flee following his arrest on related state drug trafficking charges in July 2004, that when the defendant learned the authorities were looking for him when they discovered he was using an alias he voluntarily presented himself at the Lewiston Police Department and gave a statement in which he admitted his use of an alias (Govt. Exh. 3), and that the defendant has been regularly employed by two different employers during the 15 to 16 months preceding his arrest on the instant charges. Agent Campbell testified that he was unaware of any attempt on the defendant's part to flee between the time of his initial arrest on state charges on July 14, 2004 and his arrest on the present charges, that the defendant admitted his real identity, that the defendant told him he had left New Jersey to get away from a gang named the "Latin Kings", and that the defendant also told him he knew the "feds" would be coming for him. Ms. Gauthier testified about her relationship with the defendant and his family and her willingness to have the defendant reside in her Wales, Maine home as a condition of release. She also testified that she was willing to assume the responsibilities of third-party custodian and supervise the defendant's compliance with conditions of release and to report any violations.

The defendant has rebutted the presumption contained in 18 U.S.C. § 3142(e) as it relates both to risk of flight and danger to the safety of the community. The effect of the rebuttal is to relieve the defendant of the burden of production. *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir. 1985). Despite the rebuttal, I am nevertheless required to keep in mind the fact that Congress has found that "flight to avoid prosecution is particularly high among persons charged with major

drug offenses." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); *Jessup* at 384. The legislative history also reveals that, in establishing the statutory presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking: "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep., *supra* at 13. The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. *Id*. at 20. *Jessup* teaches that the presumption not only imposes a burden on the defendant to come forward with evidence to rebut this danger, but also requires the court in assessing any such evidence to pay heed to the congressional concerns.

The defendant, now 31 years old, is a native of Jersey City and was raised there and in Newark, New Jersey. His mother and step-father reside in Jersey City. At least one of his two siblings also resides in New Jersey as well. The defendant moved to Lewiston, Maine in approximately 2001 with his domestic partner Lu-Emily Melendez and her two children from other relationships. The defendant and Ms. Melendez have a child of their own as well.

The defendant has been employed for the last six or seven months by Tambrands in Auburn, Maine. Before that job, he was employed by Lowe's in Auburn for nine months. He claims to have been self-employed before then as a landscaping/construction sub-contractor.

The defendant has a troubling criminal history. He has two prior felony convictions, both armed robberies, that are crimes of violence. He also has a probation violation. According to the New Jersey Department of Corrections, the defendant is a member of the Latin Kings and had two disciplinary findings for gang-related activity while incarcerated. In light of his prior felony convictions, should the defendant be convicted of the instant charges he will likely be characterized as a "career offender" for Guidelines sentence-calculation purposes.

When the defendant was arrested at his residence on the state charges that have since been dismissed because of the federal investigation leading to this pending prosecution deriving from the same conduct, he was found in possession of substantial quantities of cocaine as well as currency, a rifle and ammunition. At the time of his arrest the defendant provided authorities with a false identity, an identity he used from the time of his arrival in Maine until he admitted his true identity last month.

In the circumstances – where the defendant is charged with a serious drug trafficking offense and with being a felon in possession, is likely to be characterized as a "career offender" if convicted on the present charges exposing him to a period of incarceration of 20 years or more, the evidence against him is strong, and he does not have strong community ties to Lewiston – the defendant closely fits the paradigm on which the rebuttable presumption is based.[1] Any conditions of release would have to include reliable third-party supervision. I do not find that the defendant's proposal satisfies that requirement inasmuch as I do not find Ms. Gauthier an appropriate third-party custodian, that is, one who could be relied upon to supervise the defendant's compliance with all conditions of release, to use every effort to assure his appearance as required and to notify

---

[1] The only respect in which the defendant's profile departs from the paradigm is his recent history of steady employment.

3

the court immediately in the event he violates any conditions of release or disappears. Ms. Gauthier, on direct examination, falsely denied that she had any criminal history until confronted with the details of a number of misdemeanor convictions. Her explanations as to why she did not consider some of those convictions was unconvincing. For these reasons, together with my observations of her demeanor generally while testifying, I find her not credible and reliable.

Taking into consideration the congressional concerns that underlie the statutory presumption, including drug trafficking recidivism and flight to avoid prosecution, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), I find by a fair preponderance of the evidence that the defendant poses a serious flight risk and that there are no available conditions of release that will reasonably assure his appearance as required. I also find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there are no conditions that will reasonably assure community safety  I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 12, 2005

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge
